**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FRANK KEEL,

*Plaintiff,*

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98,

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 HEALTH AND WELFARE FUND,

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 ZONE 2 PENSION PLAN,

*Defendants.*

CIVIL CASE NO.

**JURY TRIAL REQUESTED**

# COMPLAINT

Plaintiff, Frank Keel ("Keel" and/or "Plaintiff"), by and through undersigned counsel, Bochetto & Lentz, P.C., brings this action against Defendants, International Brotherhood of Electrical Workers Local Union No. 98, International Brotherhood of Electrical Workers Local Union No. 98 Health and Welfare Fund, and International Brotherhood of Electrical Workers Local Union No. 98 Zone 2 Pension Plan (collectively "Local 98" and/or "Defendants") and in support thereof avers as follows:

**INTRODUCTION**

1. Frank Keel, an employee of Local 98 serving as Public Relations Director, was told by Defendants that he could not participate in the Local 98 pension plan because the pension was limited to union members, and Keel could not be a member of Local 98, because he was a Business Agent and had not completed the apprenticeship program for the union.

2. Keel's understanding while he worked for Local 98 was that union membership is how Local 98 provides important employee benefits, such as profit sharing and a pension plan.

3. After his termination, however, in June 2026, Keel came to learn that other Business Agents and attorneys of Local 98 were permitted as part of the ERISA plan of Local 98 to become union members ***without*** completing the apprenticeship program.

4. In fact, Keel finally obtained the Summary Plan Description of Local 98's pension plan in October 2026, under which disclosed that he was eligible to participate in the Local 98 pension plan as an employee of Local 98 after he worked his first hour.

5. Local 98 intentionally concealed his rights from Keel in order to prevent him from obtaining important benefits appurtenant to his employment at Local 98, including but not limited to participation in the pension plan.

**PARTIES**

6. Plaintiff, Frank Keel, is an adult individual and a citizen of the United States who is a resident of the State of Pennsylvania.

7. Defendant, International Brotherhood of Electrical Workers Local Union No. 98, is labor union headquartered at 4960 S 12th Street, Philadelphia, PA 19112, which employed Keel.

8. Defendant, International Brotherhood of Electrical Workers Local Union No. 98 Health and Welfare Fund, is labor union fund headquartered at 4960 S 12th Street, Philadelphia, PA 19112.

9. Defendant, International Brotherhood of Electrical Workers Local Union No. 98 Zone 2 Pension Plan, is labor union pension plan headquartered at 1719 Spring Garden Street, Philadelphia, PA 19130.

10. All Defendants are believed to be ERISA fiduciaries under the plan applicable to Local 98 employees and/or members.

**JURISDICTION AND VENUE**

11. This Court has federal question subject matter jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §1331 and §1337 because those claims arise under the laws of the United States, ERISA § 510.

12. This Court has general personal jurisdiction over Local 98 because, upon information and belief, they are non-profit corporations or other entities doing business in Philadelphia, Pennsylvania.

13. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because the Defendants are upon information and belief non-profit corporations or other entities doing business in Philadelphia, Pennsylvania.

**FACTUAL BACKGROUND**

14. Keel is a respected and experienced public relations professional, active in the Philadelphia area for many years.

15. Beginning in 2003, Keel began work for Local 98 as a consultant.

16. In approximately 2016, Local 98 offered Keel a full-time employee position as Public Relations Director.

17. The only benefit offered to Keel as an employee of Local 98 was health insurance.

18. Keel was told that in order to obtain other employment benefits, including but not limited to the pension plan, he would need to be a member of the union.

19. Keel inquired about becoming a member of Local 98 in 2016 in order to obtain other benefits, including access to participation in the pension plan.

20. He was told that he was not eligible for union membership as an employee of Local 98 by the Business Manager of Local 98 at the time.

21. According to the Business Manager, only persons who completed the NECA-IBEW apprenticeship program could become members, not mere employees of Local 98, like Keel.

22. Keel did not complete the apprenticeship program.

23. At the time, Keel understood that only union membership in Local 98 would have provided Keel important, valuable benefits, including participation in profit-sharing and the union pension plan.

24. Keel has not received any of those benefits.

25. Keel worked as Public Relations Director for Local 98 diligently and attended Business Agent meetings for Local 98 on nights and weekends.

26. At all times during his employment, Keel was a Business Agent at Local 98.

27. Keel was terminated by Local 98 in May 2025.

28. Unbeknownst to Keel until June 2026, other Local 98 Business Agents were granted union membership without completing the apprenticeship program:

a. "TC," Political Director;

b. "TC," Executive Secretary (an attorney);

c. "JO," In-House Attorney;

d. "BB," Business Agent;

e. "PB," In-House Attorney;

f. "BT," Business Agent; and

g. "BY," Physical Plant Manager.

29. Upon information and belief based on the uniform admission to the union of other Local 98 employees who did not work in the electrical trade, Local 98's benefit plan allowed Business Agents to obtain union membership without completing the apprenticeship program.

30. Keel obtained the Summary Plan Description of the Local 98 pension plan in October 2026. *See* Summary Plan Description, attached hereto as Exhibit A.

31. According to the Summary Plan Description, Local 98 itself is defined as a "Covered Employer." *Id.* at 1-2 ("Covered Employer… The Union in its capacity as an Employer and the Apprentice Training Program for the Electrical Industry are also Covered Employers.").

32. According to the Summary Plan Description, an "Active Participant" in the pension plan is any employee who "has been working continuously in Class I Covered Employment," and "Class I Covered Employment" is defined as "[a]ny employment with a Covered Employer[.]" *Id.* at 1-2.

33. Keel was thus an Active Participant in the pension plan but Local 98 discriminated against him in order to interfere with his rights to obtain that pension.

34. The Summary Plan Description also states that Keel's interests were vested after he worked one hour for Local 98, which was under an obligation to make a contribution for him. *Id.* at 3-4.

35. Upon information and belief, Local 98 interfered with other employee benefits Keel had the right to as an employee.

36. As Keel only learned of his rights as an employee of Local 98 after his termination, any administrative appeal would be futile.

**COUNT I**
**INTERFERENCE WITH PROTECTED RIGHTS UNDER ERISA § 510**
**(29 U.S.C. § 1140; ENFORCED THROUGH 29 U.S.C. § 1132(a)(3))**
**(By All Plaintiffs against All Defendants)**

37. Plaintiff incorporate by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

38. Keel was an employee of Local 98 and, on information and belief, was a participant or a person who may have become eligible for pension or profit-sharing benefits sponsored, maintained, or contributed to by Local 98 within the meaning of ERISA, but for the challenged exclusion from membership and benefit participation.

39. Local 98 discriminated against Keel in the terms and conditions of his employment and in access to membership and associated benefit opportunities by denying him membership under an apprenticeship requirement it did not apply to similarly situated employees, while retaining him in a role with Business Agent responsibilities.

40. Separately and alternatively, Local 98 discriminated against Keel in the terms and conditions of his employment and associated benefit opportunities by intentionally misleading him and discriminating against him with respect to his right to pension and other benefits as an employee of Local 98.

41. On information and belief, a purpose of that differential treatment was to interfere with Keel's attainment of rights under one or more ERISA-covered pension or profit-sharing plans.

42. On information and belief, the differential treatment was intentional, as one of the Business Agents granted union membership (and thus the benefits Keel sought) was a relative of the Business Manager of Local 98 in 2016.

43. The differential treatment was also intentional because Keel had a right to pension participation, and other rights, as a Local 98 employee. Ex. A at 1-4.

44. Keel suffered the loss of the opportunity to participate in the relevant retirement benefit arrangements and to receive any benefits or credits for which he would have qualified absent the interference.

45. The extent of that loss depends on the written plans and employment records, which are in the possession of Local 98.

46. Under ERISA §§ 502(a)(3) and 510, Keel seeks appropriate equitable relief to redress the interference, including a declaration of rights, an injunction requiring correction of membership and benefit records to the extent supported by the governing plans and law, and any other equitable remedy proved and available under ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against the Defendants, jointly and severally, as follows:

1. For actual, direct, incidental, and consequential damages according to proof and in such amounts as will be proven at trial, as appropriate for the cause of action alleged herein.

2. For an order requiring appropriate equitable relief under 29 U.S.C. § 1132(a)(3), including correction of records, equitable reinstatement to benefit-eligible status where warranted by the plans and evidence, and an accounting of any lost service credits, contributions, or benefits;
3. Awarding other equitable monetary relief, if established and available under ERISA § 502(a)(3);
4. Awarding reasonable attorney's fees and costs under 29 U.S.C. § 1132(g)(1); and
5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 23, 2026

By: */s/ George Bochetto*______________

George Bochetto, Esquire
John A. O'Connell, Esquire
**BOCHETTO LENTZ & HEIM, P.C.**
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
gbochetto@blhlegal.com
joconnell@blhlegal.com
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of twelve (12) on any and all claims or issues in this action so triable as of right.

Respectfully submitted,

Dated: October 23, 2026

By: */s/ George Bochetto*______________

George Bochetto, Esquire
John A. O'Connell, Esquire
**BOCHETTO LENTZ & HEIM, P.C.**
1524 Locust Street
Philadelphia, PA 19102

(215) 735-3900
gbochetto@blhlegal.com
joconnell@blhlegal.com
*Counsel for Plaintiff*